# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JIMMY B., | Case No. CV 18-06261-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jimmy B. ("Plaintiff") appeals from the Social Security Commissioner's final decision rejecting his application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed.

## I.     BACKGROUND

Plaintiff filed an application for SSI in 2012, alleging disability beginning on December 30, 2007. See Administrative Record ("AR") 150-58. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision in 2013. See AR 63-71, 28-42. After the Appeals Council denied review, Plaintiff sought review in this Court, and the parties stipulated to a remand. See AR 385-88, 374-79. On remand, the same ALJ held a second hearing. See AR 336-63. The ALJ issued a second unfavorable decision on

September 12, 2017. <u>See</u> AR 320-35.

The ALJ found that Plaintiff had the severe impairments of history of right shoulder grade 4+ separation with mild restriction of motion, history of right elbow gunshot wound with mild restriction of motion, and right knee mild restriction in range of motion. <u>See</u> AR 326. The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. <u>See</u> <u>id.</u> The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited him to medium work with certain additional limitations. <u>See</u> AR 327. The ALJ concluded that Plaintiff was not disabled because he could perform his past relevant work as a Checker II. <u>See</u> AR 330. This action followed. <u>See</u> Dkt. 1.

## II.    DISCUSSION

The parties dispute whether the ALJ: (1) properly determined Plaintiff's RFC and (2) had an adequate basis for discounting Plaintiff's symptom testimony. <u>See</u> Dkt. 22, Joint Stipulation ("JS") at 4.

## A.    **Plaintiff's RFC**

Plaintiff argues that even though this Court's remand expressly called for the ALJ to reweigh the opinions of two examining physicians, the ALJ's RFC does not incorporate their limitations. <u>See</u> JS at 9.

Based on the parties' stipulation, this Court in the prior appeal ordered the Commissioner to direct the ALJ to "reweigh the relevant medical opinions of record, including the medical opinions of Arash Yaghoobian, M.D., and Randy Clark, M.D." AR 376-77. The ALJ did as ordered, giving little weight to their opinions that Plaintiff could perform only limited, light work, reasoning that they were not board certified, did not review any medical records, and based their assessments on one-time examinations without considering the longitudinal record. <u>See</u> AR 329 (citing AR 257, 273-74). By contrast, the ALJ gave great weight to the medical expert who testified at the

hearing that Plaintiff could perform in accordance with his RFC. <u>See</u> AR 329, 348-49.

The ALJ was required to give specific and legitimate reasons for discounting the examining physicians' opinions. <u>See</u> <u>Carmickle v. Comm'r, SSA</u>, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that when examining physician's opinion is contradicted by another doctor's, it may be rejected only for specific and legitimate reasons supported by substantial evidence in record). The ALJ did so. As the ALJ noted, neither examining doctor is board-certified in orthopedics, unlike the testifying medical expert. <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012) (explaining that ALJ may give greater weight to opinion of specialist in relevant field). Moreover, as the ALJ noted, neither doctor reviewed any of Plaintiff's medical records, unlike the testifying medical expert, meaning that the examining physicians did not consider his longitudinal record. <u>See</u> <u>Fortune v. Colvin</u>, No. 14-00220, 2014 WL 5307912, at *6 (C.D. Cal. Oct. 16, 2014) ("An ALJ is entitled to give little weight to an opinion based on a one-time examination without review of medical records as was the case there." (citing <u>Reddick v. Chater</u>, 157 F.3d 715, 727 (9th Cir. 1998))).

Furthermore, the medical expert's testimony both supported the ALJ's RFC determination and was supported by the medical record. <u>See</u> <u>Morgan v. Comm'r of SSA</u>, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"). In total, Plaintiff submitted fewer than seventy pages of treatment records. <u>See</u> AR 231-52, 259-65, 275-312. Although Plaintiff alleged an onset date of December 2007, the earliest medical records are from July 2011, where Plaintiff is described as "very muscular" with good mobility. AR 246. While records over the next two years revealed some range of motion limitations and

shoulder separation, x-rays and other diagnostic findings were unremarkable. See AR 328 (citing AR 233, 239, 243, 255-56, 272-73, 275-77). The record contains no medical records after April 2013. Plaintiff took only over-the-counter pain medication, which he reported was helpful. See AR 328 (citing AR 176, 190, 201, 224, 254, 284). Finally, despite a reference to shoulder surgery after a car accident, there is no evidence in the record reflecting such a surgery. See AR 273. Thus, the longitudinal record does not support Plaintiff's allegations of disability or the examining physicians' opinions that Plaintiff could perform only limited light work.

**B.     Plaintiff's Statements**

Plaintiff alleges that the ALJ improperly discounted his written allegations of constant, disabling pain. See JS at 20-21.

The Court engages in a two-step analysis to review the ALJ's evaluation of Plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. See id. If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so. See id. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

In written statements, Plaintiff alleged that he had constant pain in his shoulders, wrists, knee, elbows, and lower back after breaking his right wrist skating in 1974 and being hit by a car in 1985 and 1988. See AR 199, 201. He

could only walk for two blocks. <u>See</u> <u>id.</u> He could only lift "light stuff" and drive a few miles. <u>See</u> AR 200.

The ALJ discounted these statements, noting that the objective evidence, Plaintiff's treatment history, and his reported daily activities did not support Plaintiff's allegations. <u>See</u> AR 327-28. As set out above, Plaintiff sought only over-the-counter medication for his allegedly constant pain and sought no treatment for months at a time. Likewise, Plaintiff's limited medical records are mostly unremarkable. These reasons are specific, clear and convincing. The Court therefore need not address Plaintiff's daily activities. <u>See</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

### III.  CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and this action is dismissed with prejudice.

Dated: November 7, 2019 __

DOUGLAS F. McCORMICK
United States Magistrate Judge